UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00656-RJC-DSC

| | |
|---|---|
| DAVID BRASS, RON BEEGLE, DAVID BOBCOCK, CARL VAN LOON, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, RICHARD HAMILTON, and CHARLES KOZITZKY, <br><br>　　　　　Plaintiffs, <br><br>　　　v. <br><br>SPX CORPORATION, <br><br>　　　　　Defendant. | ORDER |

**THIS MATTER** comes before the Court on Defendant SPX Corporation's Motion for Partial Summary Judgment. (Doc. No. 90.)

I.　BACKGROUND

This is an action to enforce the health benefits provisions of two court-approved settlement agreements. In 2001, Plaintiff International Union United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (the "Union") and six individuals brought two separate class actions in the Western District of Michigan against Defendant SPX Corporation ("Defendant" or "SPX") for breach of collective bargaining agreements between the Union and Defendant. The Michigan lawsuits involved benefits for retirees from two plants operated by Defendant. In each case, the parties reached a settlement agreement that was approved by the court (the

"Settlement Agreements"). The Settlement Agreements require Defendant to provide lifetime healthcare coverage to identified retirees and their eligible family members through specified group health insurance plans or through coverage that is substantially equivalent in benefits.

In this action, the individual plaintiffs David Brass, Ron Beegle, David Bobcock, Carl Van Loon, Richard Hamilton, and Charles Kozitzky (collectively, the "Individual Plaintiffs") allege that they are members of the settlement classes who are entitled to retiree benefits under the Settlement Agreements. The Union and the Individual Plaintiffs (collectively, the "Plaintiffs") allege that Defendant has changed the arrangement by which healthcare benefits are provided to Medicare-eligible retirees in violation of the Settlement Agreements. Plaintiffs assert two claims: (1) violation of the Settlement Agreements under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and (2) violation of employee welfare benefit plans under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).[1] This action was originally filed as a class action in which the Individual Plaintiffs—not the Union—sought to represent themselves and others similarly situated; however, the Court denied class certification on October 2, 2017. (Doc. No. 81.)

On July 12, 2019, Defendant filed its Motion for Partial Summary Judgment. (Doc. No. 90.) Defendant seeks summary judgment in its favor on the Union's claims,

---

[1] Plaintiffs assert an LMRA claim and an ERISA claim for each Settlement Agreement and thus assert a total of four claims.

contending that the Union lacks statutory standing. On November 12, 2019, the Court held oral argument on the motion. Having been fully briefed and argued, the motion is now ripe for adjudication.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation marks omitted). This "burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325 (quotation marks omitted).

Once this initial burden is met, the burden shifts to the nonmoving party, which "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. The nonmoving party may not rely upon mere allegations or denials of allegations in the pleadings to defeat a motion for summary judgment;

3

rather, it must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Id. at 248; accord Sylvia Dev. Corp. v. Calvert Cty., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences therefrom in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248–49. "If the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. Id. at 249–50 (citations omitted).

## III. DISCUSSION

### A. LMRA Claims

Defendant argues that the Union lacks statutory standing to bring the LMRA claims because the Union is suing on its own behalf, rather than on behalf of the retirees. Defendant contends that courts have allowed a union to enforce retiree benefit agreements under Section 301 of the LMRA only where the union seeks to represent the interests of the retirees and, even then, most courts require the union to obtain the consent of any retiree whose interests the union seeks to represent. In response, the Union argues that it has standing under the LMRA as a party to the Settlement Agreements. The Union alternatively argues that it has standing to

4

represent the Individual Plaintiffs' interests and, in support thereof, filed signed statements by each of the Individual Plaintiffs in which they "consent to have the [Union] support [their] claim and represent [their] interests." (Doc. Nos. 94 to 94-1.)

Before reaching the merits of the Union's statutory standing, the Court must address whether the Union may, by and through its response to Defendant's motion for summary judgment, seek to represent the Individual Plaintiffs' interests. "Fourth Circuit courts have consistently concluded that a party may not use a brief opposing summary judgment to amend a complaint." Robinson v. Bowser, No. 1:12-cv-301, 2013 U.S. Dist. LEXIS 148529, at *10 (M.D.N.C. Oct. 16, 2013); Dove Air, Inc. v. Fla. Aircraft Sales, LLC, No. 1:10-cv-47, 2011 U.S. Dist. LEXIS 88611, at *24 (W.D.N.C. Aug. 9, 2011); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-cv-105, 2011 U.S. Dist. LEXIS 111669, at *27 (E.D.N.C. Sept. 28, 2011). Courts routinely refuse to consider legal theories not alleged in the complaint and raised for the first time in a brief in opposition to a motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009) (refusing to consider plaintiff's malicious prosecution claim based on a proceeding different than that alleged in the complaint and raised for the first time in plaintiff's brief in opposition to a motion for summary judgment); Grant-Davis v. Bd. of Trs., No. 2:15-cv-2676, 2017 U.S. Dist. LEXIS 135667, at *5 (D.S.C. Aug. 24, 2017) (refusing to consider theories as to how plaintiff's constitutional rights were violated that were not included in the complaint and were raised for the first time in plaintiff's brief in opposition to a motion for summary judgment), aff'd, 2018 U.S. App. LEXIS 2489 (4th Cir. Feb. 1, 2018); Lee v.

5

Certainteed Corp., 123 F. Supp. 3d 780, 794 (E.D.N.C. 2015) (refusing to consider defendant's liability based on a joint enterprise theory because plaintiff failed to plead such a theory and raised it for the first time in plaintiff's brief in opposition to a motion for summary judgment); Donohue v. Lambert, No. 7:13-cv-00397, 2015 U.S. Dist. LEXIS 176622, at *17 (W.D. Va. Nov. 13, 2015) (refusing to consider a supervisory liability theory because plaintiff failed to plead such a theory and raised it for the first time in plaintiff's brief in opposition to a motion for summary judgment).

In Plaintiffs' First Amended Complaint here, only the Individual Plaintiffs seek to represent the interests of other retirees—the Union does not seek to represent the interests of the Individual Plaintiffs or any other retirees. Further, in its briefing on class certification, the Union stated that it does not represent any retiree in this action and is suing only in its own name as a party to the Settlement Agreements. (Doc. No. 77, at 6.) And in deciding whether to certify a class, the Court considered only the Individual Plaintiffs as putative class representatives. Accordingly, the Union may not, by and through its brief in opposition to Defendant's summary judgment motion, seek to represent the Individual Plaintiffs' interests. The Court thus considers whether the Union has statutory standing to sue in its own right as alleged in the First Amended Complaint.

Statutory standing is a requirement distinct from Article III and prudential standing. David v. Alphin, 704 F.3d 327, 338 (4th Cir. 2013). "Constitutional and prudential standing are about, respectively, the constitutional power of a federal

6

court to resolve a dispute and the wisdom of doing so." CGM, LLC v. BellSouth Telcoms., Inc., 664 F.3d 46, 52 (4th Cir. 2011) (quoting Graden v. Conexant Sys., Inc., 496 F.3d 291, 295 (3d Cir. 2007)). "Statutory standing applies only to legislatively-created causes of action and concerns whether a statute creating a private right of action authorizes a particular plaintiff to avail [itself] of that right of action." Mayor of Balt. v. Actelion Pharms., Ltd., No. GLR-18-3560, 2019 U.S. Dist. LEXIS 169774, at *15 (D. Md. Sept. 30, 2019) (quoting CGM, 664 F.3d at 52). "Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded this injured plaintiff the right to sue the defendant to redress his injury." CGM, 664 F.3d at 52 (quoting Graden, 496 F.3d at 295).

A court's objective in all cases of statutory interpretation is "to ascertain and implement the intent of Congress, and Congress's intent can most easily be seen in the text of the Acts it promulgates." Aziz v. Alcolac, Inc., 658 F.3d 388, 392 (4th Cir. 2011) (quotation marks omitted). Thus, a court's inquiry begins with "the plain meaning of the statutory language." Schilling v. Schmidt Baking Co., 876 F.3d 596, 601 (4th Cir. 2017). "When a term goes undefined in a statute, [courts] give the term its ordinary meaning." Kouichi Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 566 (2012). "In interpreting the plain language of the statute, [courts] also look to the specific context in which the language is used, and the broader context of the statute as a whole." Hurlburt v. Black, 925 F.3d 154, 158 (4th Cir. 2019) (quotation marks omitted). The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says

7

there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." United States v. Hager, 721 F.3d 167, 182 (4th Cir. 2013) (quotation marks omitted) (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253–54 (1992)). "On the other hand, if the text of a statute is ambiguous, [courts] look to other indicia of congressional intent such as the legislative history to interpret the statute." Lee v. Norfolk S. Ry., 802 F.3d 626, 631 (4th Cir. 2015) (quotation marks omitted). A statute is ambiguous if "it lends itself to more than one reasonable interpretation." Newport News Shipbuilding & Dry Dock Co. v. Brown, 376 F.3d 245, 248 (4th Cir. 2004).

Plaintiffs bring their LMRA claims pursuant to 29 U.S.C. § 185. Under section 185(a), district courts have subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). Section 185(b) states that a labor organization which represents employees "may sue or be sued as an entity and in behalf of the employees whom it represents." Id. § 185(b). Courts have recognized that a union may bring an action under section 185 on behalf of retirees who have authorized the union to do so. United Steelworkers of Am. v. Cooper Tire & Rubber Co., 474 F.3d 271, 283 (6th Cir. 2007); Int'l Ass'n of Machinists & Aero. Workers Local Lodge 2121 v. Goodrich Corp., 410 F.3d 204, 212 (5th Cir. 2005); Rossetto v. Pabst Brewing Co., 128 F.3d 538, 541 (7th Cir. 1997). The precise issue that confronts the Court is whether a union may bring an action under section 185 in its own right rather than on behalf of either employees or retirees.

8

As stated above, section 185(b) provides that a labor organization which represents employees "may sue or be sued as an entity <u>and</u> in behalf of the employees whom it represents." 29 U.S.C. § 185(b) (emphasis added). "[D]ictionary definitions, legal usage guides and case law compel us to start from the premise that 'and' usually does not mean 'or.' Dictionaries consistently feature a conjunctive definition of 'and' as the primary meaning of the word, or the first usage of the word historically. Legal usage guides are to the same effect." <u>Officemax, Inc. v. United States</u>, 428 F.3d 583, 588–89 (6th Cir. 2005) (citations omitted). Accordingly, "the Supreme Court has said that 'and' presumptively should be read in its 'ordinary' conjunctive sense unless the 'context' in which the term is used or 'other provisions of the statute' dictate a contrary interpretation." <u>Id.</u> at 589 (quoting <u>Crooks v. Harrelson</u>, 282 U.S. 55, 58 (1930)); <u>see</u> <u>also</u> <u>Reese Bros., Inc. v. United States</u>, 447 F.3d 229, 235–36 (3d Cir. 2006) ("The usual meaning of the word 'and,' however, is conjunctive, and unless the context dictates otherwise, the 'and' is presumed to be used in its ordinary sense." (quotation marks omitted)); <u>Am. Bankers Ins. Grp. v. United States</u>, 408 F.3d 1328, 1332 (11th Cir. 2005) ("[U]nless the context dictates otherwise, the word 'and' is presumed to be used in its ordinary sense, that is, conjunctively."); <u>Bruce v. First Federal Sav. & Loan Ass'n</u>, 837 F.2d 712, 715 (5th Cir. 1988) ("The word 'and' is therefore to be accepted for its conjunctive connotation rather than as a word interchangeable with 'or' except where strict grammatical construction will frustrate clear legislative intent.").

The plain language of section 185(b) authorizes a union to sue as an entity and

9

in behalf of employees or, in this case, retirees—not as an entity or in behalf of employees. The Court finds nothing in the context or other statutory provisions to suggest that Congress intended for the word "and" to have a meaning other than its ordinary meaning. Therefore, the Court concludes that section 185(b) allows a union to bring an action as an entity and in behalf of employees or retirees. As the Union does not bring its LMRA claims on behalf of employees or retirees, but rather only in its own right, the Court concludes that the Union lacks statutory standing to bring its LMRA claims.[2]

## B. ERISA Claims

Plaintiffs bring their ERISA claims pursuant to 29 U.S.C. § 1132(a)(1)(B). Under this statutory provision, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Only participants and beneficiaries have standing to bring an action under section 1132(a)(1). Kearney v. Blue Cross & Blue Shield of N.C., 376 F. Supp. 3d 618, 625 (M.D.N.C. 2019); Dahl v. Aero. Employees' Ret. Plan of the Aero. Corp., 122 F. Supp. 3d 453, 457 (E.D. Va. 2015). A union is neither a participant nor a beneficiary and, as such, lacks statutory standing under section

---

[2] The Union cites to a case from the Western District of New York in which the court held that a union had standing under section 185(b) to sue on its own behalf. Frontier Commc'ns of N.Y., Inc. v. IBEW, Local Union 503, No. 07 Civ. 10327, 2008 U.S. Dist. LEXIS 37213, at *15–16 (W.D.N.Y. May 6, 2008). That case is not binding on this Court, and this Court is not persuaded by the reasoning of that decision in light of the statute's plain language.

1132(a)(1). 29 U.S.C. § 1002(7) (defining "participant") and 1002(8) (defining "beneficiary"); United Food & Commercial Workers Local 204 v. Harris-Teeter Super Mkts., Inc., 716 F. Supp. 1551, 1561 (W.D.N.C. 1989) (holding that the union lacked standing to bring a claim under section 1132(a) because it was neither a participant nor a beneficiary); IBEW Local 106 v. Marker Elec. Contr., Inc., No. 16-cv-932, 2018 U.S. Dist. LEXIS 154251, at *7 (W.D.N.Y. Sept. 10, 2018) (same); Commc'ns Workers of Am. v. SBC Disability Income Plan, 80 F. Supp. 2d 631, 632 (W.D. Tex. 1999) (same); New Jersey State AFL-CIO v. New Jersey, 747 F.3d 891, 893 (3d Cir. 1984) (affirming dismissal of complaint because the union was neither a participant nor a beneficiary and thus could not bring a claim under section 1132(a)(1)). Therefore, the Union lacks statutory standing to bring its ERISA claims.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment, (Doc. No. 90), is **GRANTED** and the Union's claims are **DISMISSED**.

Signed: December 30, 2019

Robert J. Conrad, Jr.
United States District Judge